## MARTÍNEZ *v.* THE PEOPLE.

### APPEAL from the District Court of Mayagüez.

No. 96.—Decided June 18, 1907.

Decided on the same grounds as case No. 79, *Ex Parte Hernández* (12 P. R. Rep., p. 1).

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Martiniano Martínez Ohuviñas filed a petition in the District Court of Mayagüez alleging that he was the owner of, and holding as such, the following properties:

"1. A rural estate with coffee plantation uncleared, land and fruit trees, situated in *barrio* 'Bucarabones', within the Municipal Districts of Las Marías and Maricao, the dividing line of said districts crossing the property, which has an area of 10 *cuerdas,* and is divided into two sections—namely, one of 7 *cuerdas* in the *barrio* 'Bucarabones' within the Municipal District of Maricao, bounded on the north by lands belonging to Emilio Aran and the Estate of Montás; on the other section of the estate hereinafter described; on the south by lands belonging to Emilio Aran and the Estate of Montás; on the west by lands belonging to Luciano Monsegur, there being a dividing ditch at this point. This property contains a galvanized-iron roofed frame house used as a dwelling and for the storage of products, with

a frontage of 7 *varas* and a depth of 3½ *varas,* and having a small kitchen; and another ordinary small thatch house with a machine and iron washer for the coffee. The other. section of 3 *cuerdas* situated in *barrio* 'Bucarabones,' within the Municipal District of Las Marías, is bounded on the north by property belonging to the said Estate of B. Gaud; on the east by property belonging to Eugenio Chaluisan; on the south by the property of the Estate of Montás; and on the west by the other section described belonging to Martínez.

"2. A rural estate planted with cocoanut palms and fruit trees in *barrio* 'Algarrobos', within this municipal district, consisting of 15½ *cuerdas* of high land, sandy soil and low land, bounded on the east by property which formerly belonged to Rosendo Prats and now to José Cajigas; on the west by the property of Amalio Odiot y Martínez, divided by a pond called Boquilla; on the north by lands formerly belonging to the Estate of Antonio Roig and now to Eugenio Nadal; and on the south by the maritime zone; on this side there is a house built of native and American wood, with an upper floor, a balcony, kitchen, and other appurtenances, with a roof of galvanized iron and clay tiles."

The petitioner further states, in his petition, that he acquired the first estate of 10 *cuerdas* by purchase of Laureano Chalusian, a resident of Las Marías, on May 1, 1903; that Chalusian held it as the owner thereof for 10 years having acquired it, part by inheritance from his grandmother, Madame Monsequr, and part by purchase from his brothers and sisters, Inocencia, Flora, and Federico Chalusian y Monsegur, since the year 1895, said property being valued at $600—that is to say, the first section $450 and the second section $150. The petitioner acquired the second estate in April, 1904, by purchase from his brother, Isaac F. Martínez, of Mayagüez, for the sum of $600, and the latter had held it since the year 1896 when he bought it from Ulises Odiet. The petitioner further states that both estates are free from encumbrances and liens and that having no written title of ownership, and being desirous of recording them in the registry of property, he applies for the proper declaration of ownership, and to this end prays the court to institute inves-

tigation proceedings, after citation of the *fiscal,* to direct the citation of the former owners and the publication of notices in accordance with the law, summoning any persons believing themselves entitled to any property right in the estates in question, and in due time make an order, after having heard the *fiscal,* declaring that the ownership of the estates described had been established, and issuing the proper certified copies thereof for record in the registry of property.

The *fiscal* of the District Court of Mayagüez opposed this petition on the sole ground that it does not contain the details prescribed in the first rule of article 9 of the Mortgage Law, nor does it comply with the provisions of the second rule of article 63 of the Regulations for the application of said law.

The evidence having been heard in the District Court of Mayagüez the latter made an order on September 17, 1906, holding that the law and the facts were in favor of the petitioner, and declaring accordingly that the ownership of the property described had been established in favor of Martiniano Martínez Ohuviñas, with the other proper pronouncements.

The *fiscal* of the District Court of Mayagüez appealed from this decision to this Supreme Court, and the *fiscal* of this court has maintained the appeal.

The question raised in these proceedings by the representative of The People of Porto Rico is identical to that already decided by this court in the case of Agustín Hernández Mena, decided January 17 of the current year; and on the grounds stated in the opinion, which served as a basis for the said decision, we recommend that the judgment in this case rendered by the District Court of Mayagüez on September 17, 1906, be affirmed, without any special taxation of costs.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.